## CARL GLAZE V. STATE

No. 29,343. January 8, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 26, 1958.

*Magee & Magee,* and *Woody & Showers,* by *Clyde W. Woody,* all of Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, three years.

Investigator Henson of the staff of the Criminal District Attorney of Galveston County and Assistant Criminal District Attorney Zgourides, armed with a search warrant issued to Henson authorizing him to search the appellant's automobile for narcotics, presented themselves at his apartment and made their presence known; the appellant invited them in and inquired of the nature of their business. Upon being told the nature of the search warrant which Henson possessed, the appellant said, "You have got me. * * * I have got some stuff here in the apartment," and then walked to the kitchen and returned with approximately thirty marijuana cigarettes and a half gallon of bulk marijuana. Following this, the search warrant was read to the appellant, and Henson descended the stairs and searched the appellant's automobile which was located nearby, and there found three marijuana cigarettes.

The appellant did not testify in his own behalf but offered several witnesses who gave testimony concerning his reputation.

We find the evidence sufficient to support the conviction and will discuss those contentions advanced by able counsel in his brief and argument which we deem determinative of this appeal.

He first contends that Henson was not a peace officer who was authorized to execute a search warrant. While the disposition of this case does not necessarily depend upon an answer to this contention, we do observe a fact which we heretofore overlooked that Article 326k-6, V.A.C.S., provides that investigators appointed by district and county attorneys shall have the same authority as sheriffs of the county to serve any warrants, and Article 326k-28, Section 3, V.A.C.S., provides that the criminal district attorney of Galveston County shall have the same powers as are by law conferred upon district and county attorneys throughout the state and that it would naturally follow that, having such power, an investigator which he might appoint would have the same authority as any other investigator.

This is the fact situation before us, as we see it: An officer approaches the home of an accused and is invited in; he then tells the accused that he has a warrant authorizing him to search the accused's automobile. At this juncture the accused makes an oral confession which would be admissible under the terms of Article 727, V.A.C.C.P., and the contraband is recovered by the officer. This oral confession was admissible as such and constitutes probable cause for the subsequent search of the accused's automobile.

Surely, this evidence was just as admissible as if the appellant had told the officer where he might find the marijuana in the kitchen and the officer had proceeded to recover the same.

The above statement of the case obviates the necessity of discussing other claimed defects in the search warrant and the cases relied upon by the appellant in support of the same.

Appellant complains that the state was not required to elect as to whether they would rely for a conviction upon the marijuana found in the apartment or that found in the automobile.

In Long v. State, 158 Texas Cr. Rep. 651, 258 S.W. 2d 818, four loads of whiskey were caused to be deposited at a certain place by the appellant. We held that it was not error for the

court to refuse to require the state to elect as to which load they intended to rely for a conviction. See also Jenkins v. State, 114 Texas Cr. Rep. 320, 24 S.W. 2d 1092, where the doctrine of election in a case such as the one at bar is fully discussed.

Finding no reversible error, the judgment of the trial court is affirmed.