WALTON SAYON SIKES V. STATE

No. 31,600. March 23, 1960

Motion for Rehearing Overruled May 4, 1960

444

*Clyde W. Woody* and *Carl E. F. Dally*, Houston, for appellant.

*Dan Walton*, District Attorney, *Edward D. Michalek, Samuel H. Robertson, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for the unlawful possession of marijuana; the punishment, 3 years.

Officer R. D. Smith of the Narcotics Division of the Houston Police Department testified that on the day in question he received information around 2:30 P.M. from an informant at the Sunken Gardens in the city that a pink and black Ford convertible bearing license No. S.L. 3365 would be traveling on Alemeda Street in the "next few minutes" and would be driven by a white man who would have in his possession marijuana; that he and his two fellow officers, not having time to secure a warrant of arrest or search warrant, immediately proceeded to drive to the 6600 block on Alemeda where they stopped at a red traffic light; that while they were stopped for the light the appellant drove up in a pink and black Ford convertible bearing the license No. S.L. 3365 and stopped behind them. Officer Smith stated that he got out of the police car and as he was walking toward the appellant's automobile he observed appellant make a "quick motion with his hands between the door of his car and the seat" * * * "from his mouth straight down to his side." and observed smoke coming from appellant's mouth; that he thereupon opened the door of appellant's automobile and observed a burning cigarette on the floor board which he picked up, and then proceeded to search the appellant which resulted in his finding 4 cigarettes in the band of a cap which appellant was wearing. Officer Smith further testified that after he found the 4 cigarettes in appellant's cap, he asked appellant if that was "all", to which appellant replied that he had some more at his apartment; that appellant then led the officers to his apartment some 15 or 20 blocks away, where after he had unlocked the door and admitted them inside they found, pursuant to appellant's directions, 6 unsmoked and one partially smoked cigarette in the pocket of a jacket in a closet.

An examination, both chemical and microscopic, of the cigarettes found in appellant's automobile, on his person, and in his apartment by Chemist Robert F. Crawford showed that each cigarette contained marijuana.

Appellant did not testify or offer any evidence in his behalf.

Appellant insists that the court erred in admitting in evidence the testimony concerning the search of his automobile, his person and his apartment and the fruits thereof because the searches were made following an illegal arrest and without lawful authority.

The information which Officer Smith had, plus appellant's overt acts, and his seeing the burning cigarette on the floor board of the automobile which he testified he recognized to be a marijuana cigarette, was sufficient to lead him to believe that appellant possessed marijuana and was committing a felony in his presence, so as to authorize the arrest of appellant and search of his person and automobile without a warrant. Art. 212, V.A.C.C.P.; Art. 725b, sec. 15; French v. State 162 Tex. Cr. R. 48, 284 S.W. 2d 359; Sanders v. State, 166 Tex. Cr. R. 293, 312 S.W. 2d 640; Bridges v. State, 166 Tex. Cr. R. 56 316 S.W. 2d 757. The search of appellant's apartment without a warrant was authorized by virtue of his consent to the search. The fact that appellant was under arrest when he gave such consent did not vitiate the same. Heflin v. State, 161 Tex. Cr. R. 41, 274 S.W. 2d 681. Appellant's statements to the officers that he had more marijuana in his apartment which the officers later found was admissible as an oral confession under Art. 727, V.A.C.C.P. Glaze v. State, 165 Tex. Cr. R. 626, 310 S.W. 2d 88.

Appellant complains of the court's action in refusing to require Officer Smith to disclose the name of his informer. Under the holdings of this court an officer is not required to reveal the name of the person from whom he receives information upon which he bases his right to arrest or search upon probable cause. See Bridges v. State, supra, and cases there cited.

Appellant also complains of the court's refusal to require the state to elect as to which marijuana cigarettes, whether the ones found in appellant's automobile and on his person or the ones found in his apartment, it would seek a conviction. Under the record we find no error in the court's refusal to require

an election. All the cigarettes were found in one continuous transaction with the appellant and were shown to be under the appellant's care, control and management. In Glaze v. State, supra, where certain marijuana cigarettes were found in the apartment of the accused and others were found outside of the apartment in the accused's automobile, it was held that an election as to which cigarettes the state would rely for a conviction was not required. The fact that the appellant's apartment was several blocks removed from where his automobile was searched did not under the facts require an election by the state.

We overrule appellant's contention that the court erred in permitting Chemist Crawford to testify that marijuana was a narcotic drug. The witness' qualification as a chemist was stipulated. Under the provisions or Art. 725b, supra, marijuana is a narcotic drug and the court so instructed the jury. Gonzales v. State, 168 Tex. Cr. R. 49, 323 S.W. 2d 55. We find no merit in appellant's contention that the court erred in refusing to grant a mistrial after state's counsel had asked Officer Smith in the presence of the jury if he had information regarding appellant prior to his arrest. The question was unanswered and the jury instructed not to consider the question for any purpose.

Finding the evidence sufficient to support the conviction and no reversible error appearing the judgement is affirmed.

Opinion approved by the Court.