Manuel Gilbert CASAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43168.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 31, 1970.

Second Rehearing Denied Feb. 17, 1971.

Southers, Mendelsohn, Goldberg & Lyons by Les Mendelsohn, Fred Granberry, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Jules Sterling, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the possession of marihuana, the punishment ten (10) years.

■ Appellant's first four grounds of error relate to the legality of the search and the admissibility of the testimony of the arresting officers. The affidavit, we have concluded, meets the test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. First it stated that the informant had, on the day the affidavit was made, personally seen marihuana and heroin in the described premises in the possession of appellant. It then stated that the informant was reliable and credible because he had on previous occasions given affiant information regarding narcotic traffic which had proven to be correct. The address given was 315 W. Theo, Apt. 3. We do not deem it mandatory that the informant tell where in the apartment he had seen the narcotics or how long the narcotics had been in the apartment as appellant contends. Neither do we deem it mandatory that the affidavit state how many times the informant had given the affiant information which had been proven to be correct.

■ His next attack upon the search grows out of the testimony of the arresting officers. His principal reliance seems to be upon Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311. This writer has more than a passing acquaintance with Orozco. In that case the officers entered Orozco's bedroom and began to question him. He first gave his name, he was then asked if he owned a pistol. Only after repeated questioning did Orozco tell the officers where they might find the pistol. All of this time Orozco was under arrest. Clearly this was the type of interrogation which demanded Miranda warnings.

Here is what we have in the case at bar. The officers entered the apartment, announcing that they had a narcotic search warrant. The woman who claimed to reside in the apartment which was searched, while testifying for appellant, stated that the officers who entered walked directly to the bed where appellant was reclining, gave appellant a piece of paper and, "He just pointed towards the suitcase". This compares to a large extent with the testimony of the arresting officers. They each stated that they entered and approached the bed where appellant was lying undressed. They testified that one of the officers said, "This is a search warrant for marihuana. I know it's here and we are going to find it". In answer, appellant said, "Well here it is", reached under the head of the bed, and handed the officers a suitcase inside which they found the marihuana. As in Glaze v. State, 165 Tex.Cr. R. 626, 310 S.W.2d 88, there was no question as to the officer's authority to be on the premises. In Glaze, when the officer announced the nature of their business the accused said, "You have got me", then went to the kitchen and delivered the marihuana to the officers. We overrule all of appellant's grounds of error relating to the legality of the search and the testimony of the arresting officers.

His fifth ground of error is that the evidence is insufficient to show that appellant had possession of the marihuana. This is based largely upon defensive testimony, which was rebutted by the State, to the effect that appellant did not live in the apartment which was searched and that possibly a woman who was present at the time of the search had brought the marihuana into this country. This was a question for the jury's determination and we do not under this record conclude that they decided the issue incorrectly.

Finding no reversible error, the judgment is affirmed.

WOODLEY P. J., concurs in the result.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

We have carefully re-examined the record in this cause and remain convinced of our original decision.

Again, appellant argues this case is indistinguishable from Orozco v. Texas, 394

U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311. We do not agree.

In People v. Torres, 21 N.Y.2d 49, 286 N.Y.S.2d 264, 233 N.E.2d 282, the New York Court of Appeals held that a defendant's inculpating remarks to a police officer disclosing the whereabouts of booklets which were the basis for prosecution for the possession of policy slips were properly admitted in evidence, even though made before the police officer had informed defendant of his Miranda rights, where the statement was made after the search warrant had been exhibited by the officer but before he asked any questions of the defendant.

There, as here, the defendant argued that once the officer entered the apartment and exhibited the warrant, the defendant was "deprived of his freedom in [a] significant way. * * *"

The Torres Court replied as follows:

"While it is quite arguable that a defendant, who is shown a search warrant covering his apartment and person and then questioned, even in his own home, is deprived of his freedom in a 'significant way,' this issue need not now be decided (cf. People v. Rodney P. [Anonymous], supra [21 N.Y.2d 1, 286 N.Y.S.2d 225, 233 N.E.2d 255]). The important point is that defendant was never questioned; rather, he volunteered the whereabouts of the contraband before the officer had asked any questions (presuming that he had intended to do so)."

* * * * * *

"Defendant's inculpating remark is admissible, then, unless one is to conclude that the mere existence of the search warrant coupled with the officer's presence amounted to a 'compelling influence.' Such an interpretation would extend the *Miranda* rules beyond their avowed purpose, namely, to forbid 'custodial interrogation' by law enforcement officials of suspects who have not been informed of certain constitutional rights.

Absent interrogation, post-*Miranda* decisions have consistently held that voluntary or 'spontaneous' statements made by suspects who were plainly in custody are admissible."

 We do not interpret the statement made by one of the officers in the instant case that "This is a search warrant for marihuana. I know it's here and we are going to find it" as constituting custodial interrogation under the circumstances presented.

Appellant's motion for rehearing is overruled.