**Benito JUAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44978.

Court of Criminal Appeals of Texas.

May 9, 1972.

---

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Punishment was assessed by the jury at three years.

Appellant was indicted along with three other persons. A motion to sever filed by appellant was granted.

Appellant contends that the court was in error in failing to grant his motion for an instructed verdict based on the insufficiency of the evidence to support a conviction.

The record reflects that officers had the barber shop operated by appellant, in Brownsville, under surveillance, on January 3, 1970. Their surveillance revealed a number of people going to the barber shop, staying a brief time and leaving without having obtained any barber work. Two vehicles were observed parking on a vacant lot immediately to the side and rear of the barber shop. The driver of one of the vehicles, co-defendant Vasquez, opened the trunk of his car and lifted the lid of a cardboard box and appellant reached into the box and removed three or four rolled up pieces of paper, "a little bit thicker than a good big size cigar."

At about 3:00 P.M., on the date in question, co-defendant Rocha was observed talking to appellant outside the barber shop. Appellant then walked in the barber shop, put on a jacket, came back outside and walked around the shop to co-defendant Vasquez's automobile, where Vasquez again opened the trunk. Appellant reached into the trunk, walked back toward the front of the barber shop and was observed handing co-defendant Rocha a small package. The officers conducting the surveillance radioed other police officers a description of Rocha, who was subsequently arrested. A search of Rocha revealed a "cartucho" [1] of marihuana in his shirt pocket.

1. The record reveals that "cartucho" is the Spanish word for carton.

At approximately 3:30 P.M., the officers observed co-defendant Vasquez leaving the scene in his automobile and a description of Vasquez and his vehicle was given by radio to other police officers who followed Vasquez, stopped him and searched the trunk of his automobile. A box in the trunk was found to contain twenty-four "cartuchos" of marihuana.

At 4:25 P.M., co-defendant Resendez was observed knocking on the door of appellant's barber shop (appellant had closed the front door prior to this time). Resendez was admitted to the shop, stayed two or three minutes and left. His description and the direction in which he was walking was given by radio to other police officers in the area. Resendez was arrested and a "cartucho" of marihuana was found on his person.

Resendez testified that he purchased one "cartucho" of marihuana from appellant for his personal use and that he was arrested two and one-half blocks from appellant's barber shop before he had an opportunity to open the package.

Officers obtained a search warrant for appellant's barber shop. The shop was searched at 7:15 or 7:30 P.M. and nothing was found.

Appellant did not take the stand and presented no evidence in his behalf.

The jury was instructed in the court's charge regarding the law on circumstantial evidence, accomplice witness and principals.

Appellant urges that there was no marihuana found on appellant or in his barber shop and the only evidence that appellant ever had marihuana in his possession comes from accomplice witness Resendez.

This Court, in Odom v. State, 438 S.W. 2d 912, said:

"The test of the sufficiency of corroboration of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense. Edwards v. State, Tex.Cr.App., 427 S.W.2d 629."

Eliminating the testimony of accomplice witness Resendez, we find the following incriminating evidence which tends to connect appellant with the offense.

Appellant was observed reaching into a box in the trunk of the car operated by co-defendant Vasquez and removing three or four rolled up pieces of paper. When Vasquez left the scene, he was followed and stopped and twenty-four "cartuchos" of marihuana were found in a box in the trunk of his car.

When co-defendant Rocha came to the barber shop, appellant made a second trip to the Vasquez car, again reached into the trunk, walked back to Rocha and handed him a package. Rocha was picked up by police a short distance from the barber shop and a "cartucho" of marihuana was removed from his person.

The officers observed co-defendant Resendez at appellant's barber shop. Resendez was arrested and a "cartucho" of marihuana was found on him.

The officers maintaining the surveillance took photographs which were introduced into evidence of co-defendant Vasquez and his car parked at the scene with the trunk open. Further, there were pictures of the appellant standing by Vasquez and his car and a photograph of co-defendant Resendez leaving appellant's barber shop.

A photograph of the box with cartuchos of marihuana found in Vasquez's car and photographs of cartuchos of marihuana found on Rocha and Resendez were introduced into evidence. The cartuchos have the appearance of rolled newspapers and those found on Rocha, Resendez and in the

box in Vasquez's car are similar in appearance.

"The corroborating testimony need not be sufficient in itself to establish the guilt of the accused, for if this were true the testimony of the accomplice would be of no value. The evidence is sufficient if it tends to connect the defendant with the offense." Rogers v. State, 461 S.W.2d 399.

We find the inculpatory evidence discussed sufficient to connect appellant with the offense.

Further, we find the evidence sufficient to support the conviction.

 Appellant contends that the court was in error in failing to grant his motion to require the State to elect upon which transaction it would rely for conviction.

Appellant urges that the three co-defendants were observed at appellant's barber shop at different times from 1:40 P.M. to 4:25 P.M., on the date in question, and each co-defendant, though arrested in the general area, was a distance from appellant's barber shop, when he was taken into custody by police.

In Long v. State, 158 Tex.Cr.R. 651, 258 S.W.2d 818, where defendant was charged with unlawful possession of intoxicating liquor for purpose of sale, this Court held that the trial court was not in error in failing to require State to rely on proof of defendant's intent to sell any particular bottle of whisky or to elect between the several bottles or loads brought to defendant's storage place. This Court said, "The whole transaction itself is not one involving the sale of alcoholic liquor but the charge is for the possession thereof for the purpose of sale; and the mere fact that there was more than one load of whisky brought to this . . . place would be but a circumstance to show that this whisky was being stored there . . ."

In Glaze v. State, 165 Tex.Cr.R. 626, 310 S.W.2d 88, this Court held that, in prosecution for marihuana found in defendant's apartment and in his automobile, it was not error not to require State to elect as to whether it would rely for a conviction upon marihuana found in apartment or that found in automobile.

In Sikes v. State, 169 Tex.Cr.R. 443, 334 S.W.2d 440, the defendant was convicted for possession of marihuana. Marihuana cigarettes were found in defendant's automobile and on his person, when he was stopped. The officers then went with appellant to his apartment where additional marihuana cigarettes were found. This Court held that the trial court was not in error in refusing to require the State to elect as to which marihuana cigarettes it would rely on to seek a conviction.

The events which appellant claims are separate tranactions are nothing more than circumstances tending to show that appellant possessed marihuana.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.

