James Wains JONES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45039 and 45040.

Court of Criminal Appeals of Texas.

May 31, 1972.

---

1. At the penalty stage of the trial it was shown that the appellant had received probation for felony theft.

Lawrence R. Green, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Catharine T. Hill, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for possession of heroin and marihuana. Two

indictments were returned. By agreement, the cases were tried together before the same jury who returned the verdicts assessing the punishment at thirty years in each case.

The sufficiency of the evidence is not challenged.

On June 15, 1970, postal inspectors had the Preston Station Post Office in Dallas under surveillance. At approximately 7:30 a. m., a car was driven into an alley and parked by the dock. The driver, later ascertained to be Jim Wells, went to the dock, took two packages and returned with them to the car. The officers converged on the car and arrested Wells and the appellant who was seated in the right front seat of the car which belonged to him.

In the glove compartment of the car, the officers found five "penny" matchboxes filled with marihuana and a box containing 19 empty gelatin capsules. On the dash, the officers found another matchbox containing three handrolled marihuana cigarettes and 19 gelatin capsules filled with heroin. In the left pocket of appellant's shirt, the officers found a matchbox containing a capsule of heroin.

The appellant testified that he did not know the narcotics were in the car. Wells testified that he possessed the narcotics in question and had placed the box containing the heroin in appellant's pocket just before they were arrested.

If there was ever a question concerning the legality of the arrest of the appellant and the search of the car, it was resolved when Wells, a defense witness, and the appellant testified that the narcotics were in the car and on appellant's person.

The appellant, in the main issue of the case, contends: "It was fundamental error to place appellant twice in jeopardy and inflict multiple punishment for offenses growing out of the same transaction."

This is not a case of former conviction, because the cases were tried at the same

time. As a practical matter, the two sentences of thirty years are not double punishment. The court did not cumulate the sentences or make one commence at the expiration of the other, therefore, they are concurrent. Article 42.08, Vernon's Ann. C.C.P. See 1 Branch's Ann.P.C.2d, Section 685, page 655.

■ May one be convicted for two offenses for the possession of narcotics at the same time and place?

Article 725b, section 2(a) Vernon's Ann.P.C., provides that it shall be unlawful to possess narcotic drugs. Heroin and marihuana, among others, are classified as narcotic drugs. This Court has held that such a classification of marihuana is not unreasonable. E. g. Reyna v. State, Tex. Cr.App., 434 S.W.2d 362. See Garcia v. State, 135 Tex.Cr.R. 667, 122 S.W.2d 631.

The prosecuting attorney may carve as large an offense out of a single transaction as he can, but he must cut only once. 1 Branch's Ann.P.C.2d, Section 654, page 625, and the cases there cited.

A similar situation arose in Fleming v. State, 168 Tex.Cr.R. 595, 330 S.W.2d 457. There the prosecution was for misdemeanor offenses for the illegal practice of medicine under Article 741, V.A.P.C. The information contained two counts, one for publicly professing to be a physician and the other for diagnosing and treating a disorder. Convictions were had on both counts.[1]

Judge Dice, speaking for the Court, noted that the record was clear that Fleming's conviction upon both counts of the information was based on the same transaction with the prosecuting witness and then wrote:

"While the state had the right to charge in separate counts of the information the two ways named in the statute Art. 741, supra, by which it was al-

leged that appellant did unlawfully practice medicine, only one offense was actually charged against the appellant. . . . ."

It was also noted that the statute provided two ways by which a person may be regarded as practicing medicine, did not create separate and distinct offenses but only prescribed different ways of committing the same offense. There the Court held that both counts were properly submitted to the jury, but the court should have instructed the jury that a conviction could be had only on one count and that the accused was improperly convicted twice for the same offense and both could not stand.

The Court had before it a somewhat analogous case in Abston v. State, 158 Tex.Cr.R. 88, 253 S.W.2d 41. Convictions were obtained for the sale of liquor in a dry area and for the possession of the same whiskey. This Court held that convictions for both could not stand and reversed the conviction for the offense of possession of the liquor.

In Long v. State, 158 Tex.Cr.R. 651, 258 S.W.2d 818, this Court held that where four loads of whiskey had been delivered to a house for the accused and one of those loads had been moved to another place near a lake, the State did not have to elect what whiskey was relied upon for the conviction.

In Sikes v. State, 169 Tex.Cr.R. 443, 334 S.W.2d 440, the conviction was for the possession of marihuana. The Court held that the State did not have to elect where officers had found marihuana on appellant's person and then in his apartment some fifteen to twenty blocks away. See also Glaze v. State, 165 Tex.Cr.R. 626, 310 S.W.2d 88.

■ Under the fact situation of the present case, we hold that the possession of the heroin and the possession of marihuana

---

1. Article 21.24, V.A.C.C.P., has been amended. Only one conviction may be had for separate misdemeanor offenses under one information.

constitute the same offense and only one conviction can stand. The court should have limited the jury to a conviction under one of the indictments for either the possession of heroin or the possession of marihuana but not both.

The appellant next insists that both cases must be reversed because it cannot be ascertained which verdict was first reached by the jury. He cites the recent case of Price v. State, Tex.Cr.App., 475 S.W.2d 742, where convictions were for the offenses of false imprisonment and aggravated assault upon a female. The evidence showed that Price got in the car with the complaining witness and held a knife to her throat and made a continuous assault for a short time. This Court held that only one conviction could stand. Since it was shown that the verdict was returned first in the false imprisonment case, it was affirmed and the aggravated assault conviction was reversed.

Here, as the appellant contends, the record does not show if one verdict was returned prior to the other one. It is of little or no consequence which verdict was returned first. In Price, supra, we had separate and distinct offenses, and in the present case we have only one offense alleged in separate indictments to have been committed in different ways, that is, for the possession of different narcotic drugs. The possession of both drugs could have been alleged in one count of an indictment or in separate counts of the same indictment, but in either event, only one conviction based upon the same transaction could be had.

The evidence for the possession of marihuana is sufficient but there is more proof for the possession of heroin because part of it was in his shirt pocket.

The conviction for the possession of heroin is affirmed. The conviction for the possession of marihuana is reversed and the prosecution is ordered dismissed.

It is so ordered.