# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-00-00651-CR
===============

## Ex parte Aaron Hill

=================================================================
## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 005795, HONORABLE JON N. WISSER, JUDGE PRESIDING
=================================================================

This is an appeal from the trial court's denial of habeas corpus relief on appellant's claim of double jeopardy because of his prior acquittal for the same offense. The trial court's order will be reversed and the indictment in cause number 005795 will be ordered dismissed.

A jury acquitted appellant in cause number 004332 in the 299th District Court of Travis County. It was alleged in cause number 004332 "that Aaron Hill, Jr., on or about the 21st day of April A.D. 2000, . . . did then and there intentionally and knowingly possess a controlled substance, namely, cocaine, in an amount of less than one gram, by aggregate weight, including any adulterants and dilutants." On September 13, 2000, the day after the jury acquitted appellant in cause number 004332, an indictment with identical wording was returned in cause number 005795.[1]

---

[1] The indictment in cause number 005795 alleged: "that Aaron Hill, Jr., on or about the 21st day of April A.D. 2000, . . . did then and there intentionally and knowingly possess a controlled substance, namely, cocaine, in an amount less than one gram, by aggregate weight, including any adulterants and dilutants."

On September 15, 2000, appellant filed his application for writ of habeas corpus alleging that the offense alleged in cause number 005795 was the identical offense as that alleged in cause number 004332, for which he had been acquitted. Therefore, appellant insisted a trial in cause number 005795 was barred by double jeopardy. The trial court granted a hearing on appellant's application for writ of habeas corpus. The court reporter's record in cause number 004332 was admitted in evidence at the hearing. It was also stipulated that a baggie containing cocaine residue that had been admitted in evidence as State's Exhibit 3 in the trial of cause number 004332 was the evidence that was the basis for the indictment in cause number 005795. A summary of the facts from the record of trial in cause number 004332 is necessary to fully understand the issue presented.

Austin police officer Sandra Lynn Barnes, while on patrol in East Austin, noticed a small truck being driven without a front license plate. Because of this traffic violation, Barnes stopped the truck. As the officer approached the truck, she noticed the appellant, who was driving the truck, place his hand on the seat behind a passenger. Appellant told Barnes that he had just picked up his passenger, whom he did not know, to give him a ride to a store. The passenger was searched and questioned; he had identification and did not possess contraband. Therefore, the passenger was released and immediately left the scene. The truck appellant was driving did not belong to him. Appellant gave Barnes consent to search him and the truck. A baggie containing a small residue of cocaine was found in appellant's shirt pocket. Three pieces of crack cocaine in a cellophane wrapper were found behind the seat on the passenger's side of the truck.

2

In a hearing on the day of trial in cause number 004332, prior to receiving evidence, defense counsel asked the trial court not to allow the State to offer in evidence State's Exhibit 3 which was the baggie containing cocaine residue found in appellant's pocket. The defense's reason for the request was based on its contention that the State had violated a discovery order relating to this evidence. The State insisted the discovery order had not been violated. The court denied the defense request. There was then a colloquy between appellant and the trial court that terminated with the court stating:

> THE COURT: I mean, if I grant the defense request at the charging stage to limit the jurors' consideration to solely the rocks and not the residue in his pocket, then if the State were not to prevail on this case, they could then indict him and proceed to charge him with just the residue in his pocket. I mean, that's the downside if we grant you the request you've made. But we don't have to make that decision quite yet. You can think about it.

After appellant rejected a plea bargain offer, trial before the jury commenced. State's Exhibit 3 was admitted in evidence without objection. When the jury charge was prepared, over the objection of the State, the trial court included in the jury charge the following paragraph:

V.

> The defendant is on trial in this case for possession of the rocks of cocaine alleged to have been found behind the seat in the vehicle. He is not on trial in this case for the cocaine residue alleged to have been found on his person. Therefore, you must believe beyond a reasonable doubt that the defendant possessed the three rocks of cocaine behind the seat if you are to return a verdict of guilty, if you do not so believe, or if you do have a reasonable doubt, you must find the defendant not guilty.

3

The jury acquitted appellant for possession of the rocks of cocaine. Appellant's reindictment was for the residue in his pocket. On this appeal from the denial of habeas corpus relief, the State argues that "appellant is not being successively prosecuted in cause number 005795 for the same offense as in cause number 004332 because possession of two packages of contraband constitutes two separate offenses."[2] The State cites a plethora of cases we believe are

---

[2] However, at the time of trial, the State's argument was diametrically opposite to its argument on appeal.

> [THE PROSECUTOR]: And, Your Honor, the State objects to Paragraph V. I think that it's uncalled for. I think that it puts a higher burden on the State. I think it's calling for an election which doesn't exist under the law. I think that the--respectfully, that the Court has misstated the law and that the--that the State may very well be barred from prosecuting him for the residue that's in the baggie because the indictment is nonspecific. It says that he possessed less than a gram of cocaine on that particular date. Both of Items 2 and 3, which are the rocks of cocaine as well as the residue in the baggie, together add up to less than one gram of cocaine. That if the defense had an issue with the baggie of cocaine not having been quantitatively tested--although it was tested by the officer who took it in and it was listed in the offense report, it was listed as being presumptively cocaine and passing the presumptive test, it had not been quantita[ti]vely tested, and that if the defense ever had an issue with that, that it should have been properly presented in a Motion to Quash.
>
> Since that was not done but it was raised by an issue--as an issue by the defense with their Motion in Limine, the State did the subsequent quantitative testing of the baggie or cocaine. It has come in both as an extraneous, but I believe that the appellate courts will also construe that as being covered by this indictment since it is nonspecific since both together add up to less than a gram of cocaine and that Paragraph V is inapplicable. That it's--an election in this type of circumstance is not in anywhere called for.
>
> And I think that it's a problem to put it in there, and I don't think that it's proper to do so. And I would object to the inclusion of Paragraph V.
>
> THE COURT: The record will clearly reflect the State's vehement protestations.

4

not on point. Among these cases are *Watson v. State*, 900 S.W.2d 60 (Tex. Crim. App. 1995) (simultaneous possession of *heroin* and *cocaine*, not one offense); *Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999) (two victims assaulted in a robbery but a single theft, not one offense); *Ex parte Starnes*, 993 S.W.2d 685 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (organized criminal activity in both Brazoria and Fort Bend Counties involving different victims in each county, not one offense); *Ex parte Goodbread*, 967 S.W.2d 859 (Tex. Crim. App. 1998) (fifteen separate sexual offenses committed between June 10, 1990 and April 1, 1994, not one offense); and *Luna v. State*, 493 S.W.2d 854 (Tex. Crim. App. 1973) (sales of heroin three months apart, not one offense).

Appellant argues that his possession of cocaine in his shirt pocket and behind the truck seat at the same time constituted a single transaction or offense of possession of cocaine. Appellant, among other cases, relies upon *Juarez v. State*, 479 S.W.2d 945 (Tex. Crim. App. 1972); *Sikes v. State*, 334 S.W.2d 440 (Tex. Crim. App. 1960); and *Glaze v. State*, 310 S.W.2d 88 (Tex. Crim. App. 1958).

In *Sikes*, in which the circumstances were similar to this case, the court found a continuous transaction—one offense—not requiring the State to make an election, stating:

> Appellant also complains of the court's refusal to require the state to elect as to which marijuana cigarettes, whether the ones found in appellant's automobile and on his person or the ones found in his apartment, it would seek a conviction. Under the record we find no error in the court's refusal to require an election. All the cigarettes were found in one continuous transaction with the appellant and were shown to be under the appellant's care, control and management. In *Glaze v. State*, [310 S.W.2d 88 (Tex. Crim. App. 1958)], where certain marijuana cigarettes were found in the apartment of the accused and others were found outside of the apartment in the accused's automobile it was held that an election as to which cigarettes the state would rely for a conviction was not required. The fact

5

> that the appellant's apartment was several blocks removed from where his automobile was searched did not under the facts require an election by the state.

*Sikes*, 334 S.W.2d at 442. In *Juarez*, in similar circumstances, the court followed *Sikes* and *Glaze*. *Juarez*, 479 S.W.2d at 947.

Appellant also cites *Rashad v. Burt*, 108 F.3d 677 (6th Cir. 1997) in support of his argument. In that case, on September 7, 1988, state officers armed with a search warrant seized approximately five kilograms of cocaine found in Rashad's house and cocaine residue found in Rashad's automobile. On September 19, after receiving a tip, officers obtained another search warrant to again search Rashad's automobile. Executing that warrant, the officers seized 4.85 kilograms of cocaine found in a secret compartment of Rashad's automobile. Rashad was separately tried and convicted for possession of the cocaine found in the house and in the automobile. After his convictions were affirmed in state court, a United States District Court granted him habeas corpus relief finding his second conviction was barred by double jeopardy. The state appealed. The United States Court of Appeals for the Sixth Circuit found that Rashad's possession of the two stashes of cocaine, one in the house and one in the automobile, was one transaction and that Rashad's second conviction for the possession of the cocaine found in the automobile violated Rashad's constitutional right against double jeopardy. *Id.* at 682.

The controlling issue is whether appellant's simultaneous possession of cocaine in his pocket and in the truck he was driving constitutes more than one offense prohibited by the Controlled Substances Act. *See Iglehart v. State*, 837 S.W.2d 122, 127 (Tex. Crim. App. 1992); *see also Vineyard v. State*, 958 S.W.2d 834, 837 (Tex. Crim. App. 1998). The unit of prosecution is determined by the statutes defining the offense; what constitutes an "offense" is a

6

matter of state law. *Iglehart*, 837 S.W.2d at 127. If it is determined as a matter of statutory construction that appellant's conduct constitutes but a single offense, the inquiry is ended, as successive prosecution for the same offense after appellant's earlier acquittal for that offense would be a violation of the Double Jeopardy Clause of the Fifth Amendment. *Id.*

The Controlled Substances Act provides that a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group I, and provides a specified penalty if the amount of the substance possessed is by aggregate weight, including adulterants or dilutants, less than one gram. Texas Health & Safety Code Ann. § 481.115(a)-(b) (West Supp. 2001). Cocaine is listed in Penalty Group I. *Id.* § 481.102(3)(D). The combined weight of the two packages of cocaine was less than one gram. We conclude that under this statute appellant's simultaneous possession of the two packages of cocaine is but one offense.[3] The State was barred from prosecuting appellant a second time after he was acquitted by the jury.

Also, the State contends that "the doctrine of estoppel precludes appellant from claiming error," and suggests that appellant's claim of double jeopardy "should be summarily overruled." The State argues that appellant elected to be tried for his possession of the rocks of crack cocaine and not to be tried for possessing the cocaine residue. The State's contention and

---

[3] If the search had resulted in finding a package of cocaine in each of the truck's four hubcaps, in the truck's bed, under the truck's hood, behind the truck's two sun visors, and in two more of appellant's pockets, under the State's theory, appellant could have been charged and prosecuted for twelve separate offenses of possessing cocaine. Also, under the State's theory, if twelve baggies of cocaine had been found in one of appellant's pockets, he could have been prosecuted for twelve separate offenses of possessing cocaine.

argument of estoppel is without merit. *See Sanabria v. United States*, 437 U.S. 54 (1978). Sanabria and other defendants were charged in a single count indictment with a federal offense of conducting a gambling business. The gambling business was alleged to be a business involving numbers-betting and betting on horse races in violation of a State statute. The government's evidence showed that the defendants' business had been engaging in both numbers-betting and horse-betting. After the defendants rested, the trial court granted their motion to exclude all evidence of numbers-betting. The court excluded this evidence under an erroneous belief that the numbers-betting was not a violation of the state statute. The trial court then granted Sanabria's motion for acquittal because there was a lack of evidence to connect Sanabria with horse-betting. The jury convicted the other defendants of conducting a gambling business by engaging in horse-betting. The government appealed from the trial court's ruling excluding numbers-betting evidence and from the judgment acquitting Sanabria. The government sought a new trial of Sanabria for engaging in the gambling business by numbers-betting. The United States Court of Appeals for the First Circuit ruled the trial court had erroneously excluded evidence of numbers-betting and that a new trial of Sanabria for engaging in the business of gambling by numbers-betting was not jeopardy barred. However, the United States Supreme Court held that Sanabria's retrial based on numbers-betting was jeopardy barred in spite of the trial court's erroneous evidentiary ruling that led to Sanabria's acquittal. *Id.* Once Sanabria was acquitted, no matter how egregiously erroneous the legal rulings leading to the judgment of acquittal might be, there could be no exception to the constitutional rule forbidding successive trials for the same offense. *Id.* Our Texas statute makes such a provision: "An acquittal of the defendant exempts him from

a second trial or a second prosecution for the same offense, however irregular the proceedings may have been. . . ." Tex. Code Crim. Proc. Ann. art. 1.11 (West 1977).

As the prosecutor correctly argued at the time of trial, a ruling to exclude from the jury's consideration evidence of the cocaine residue found in appellant's pocket was erroneous and would bar reprosecution. As in *Sanabria*, even though the trial court's erroneous ruling to exclude evidence made pursuant to appellant's motion may have led to his acquittal, appellant is not estopped from asserting his constitutional right against successive prosecution for the same offense.

The order of the trial court refusing habeas corpus relief is reversed and the indictment in cause 005795 is ordered dismissed.

_____
Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally*

Reversed and Rendered

Filed:   March 29, 2001

~~Do Not Publish~~  Released for publication May 10, 2001.  Tex. R. App. P. 47.3(c).

---

*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).