Tommy Lewis JACKSON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–01–00266–CR.

Court of Appeals of Texas, Eastland.

July 3, 2002.

---

Lawrence B. Mitchell, Dallas, for appellant.

Bill Hill, Crim. Dist. Attorney–Appellate Section, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

The jury convicted appellant of unlawful delivery of cocaine. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 15 years. We affirm.

Appellant attacks the legal sufficiency of the evidence supporting his conviction in his first appellate issue. In reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Cr.App.1991). The inquiry is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turner v. State, supra* at 427. The jury, as the fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony and could choose to believe or disbelieve all or any part of any witness's testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Cr.App.1986), *cert. den'd*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

The indictment charged appellant with delivery of cocaine to "L. Standige" in an amount of 4 grams or more but less than 200 grams. Detective Leonard Standige, an undercover narcotics detective of the Dallas Police Department, testified that he contacted appellant for the purpose of purchasing cocaine from him. Detective Standige had previously met with appellant on several occasions prior to the transaction in question. Detective Standige made an agreement to purchase one-half ounce (14.4 grams) of crack cocaine from appellant for $450. After meeting appellant in the parking lot of a business, Detective Standige followed appellant to a suspected drug house and waited inside his vehicle. Appellant retrieved the $450 from Detective Standige and then walked to the door of the house. Appellant first brought approximately 4 grams of cocaine to Detective Standige. Detective Standige told appellant that the amount that he brought was insufficient given the amount which he had purchased. Appellant returned to the house and then brought an additional amount of cocaine to Detective Standige. Detective Standige estimated the additional amount to be approximately one and one-half grams. Detective Standige advised appellant that he had delivered enough cocaine at that point. The State's chemist testified that the total amount of cocaine which appellant delivered to Detective Standige constituted 5.3 grams. The transaction ended by Detective Standige giving appellant a $20 tip for his assistance. Appellant called Detective Standige approximately one hour later to see if Detective Standige was satisfied with the amount that he received.

Appellant argues that the evidence did not establish that he delivered more than four grams of cocaine to Detective Standige. Instead, he contends that the evidence establishes that he made two deliv-

eries of less than four grams because he made two trips in making the deliveries to the detective. Appellant is essentially arguing that he should have been tried for two charges of second degree delivery of less than four grams instead of a single count of first degree delivery of more than four grams. See TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) & (d) (Vernon Pamph. Supp.2002).

■ The controlling issue is whether appellant's conduct constituted more than one offense prohibited by the Controlled Substances Act. See *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Cr.App.1992); *Ex parte Hill*, 48 S.W.3d 283, 287 (Tex.App.-Austin 2001, pet'n ref'd). The unit of prosecution is determined by the statutes defining the offense; what constitutes an "offense" is a matter of state law. *Iglehart v. State, supra* at 127; *Ex parte Hill, supra* at 287. The Controlled Substances Act provides that a person commits an offense if the person knowingly delivers a controlled substance listed in Penalty Group 1, and the Act provides a specified penalty based on "the amount of the controlled substance to which the offense applies." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) thru (f) (Vernon Pamph. Supp.2002). Cocaine is listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Pamph. Supp.2002). The evidence in this case supports appellant's conviction for a single offense of delivery of an amount of four grams or more. While appellant may have actually made two trips to deliver the cocaine purchased by the detective, the deliveries were made within a matter of minutes to fulfill a single purchase to a single transferee. Appellant's first appellate issue is overruled.

■ Appellant argues in his second appellate issue that the trial court failed to provide him with sufficient time to review the charge of the court to the jury prior to final arguments as required by TEX. CODE CRIM. PRO. ANN. art. 36.14 (Vernon Supp.2002). The reporter's record reveals that the charge of the court was read to the jury immediately after the State and appellant closed.[1] The record does not specifically establish that an opportunity was provided to appellant to review the charge.[2] However, the trial court specifically asked both sides if they were ready to argue the case to the jury, to which appellant's counsel replied in the affirmative. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made by a timely request, objection, or motion. TEX.R.APP.P. 33.1(a)(1). Appellant made no protest to the trial court that he did not have sufficient time to review the court's charge; therefore, this contention was not preserved for appellate review. Appellant's second appellate issue is overruled.

The judgment of the trial court is affirmed.

---

1. Appellant rested immediately after the State rested.

2. The record shows that testimony concluded at 12:19 p.m. on the day of trial, at which time a lunch recess was taken. The proceedings resumed at 2:01 p.m., at which time both sides rested and closed. The charge was then read to the jury.