

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00014-CR

Jerry Wayne **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-0421-CR-C
Honorable Doug Shaver, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:      Karen Angelini, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  April 4, 2018

AFFIRMED

Jerry Wayne Williams was convicted by a jury of sexual assault and assault family violence and sentenced as a habitual offender to life imprisonment.  The sole issue presented on appeal is whether the trial court erred in refusing to grant defense counsel time to examine the jury charge and present objections to the charge.  Because Williams failed to preserve this complaint for our review, we affirm the trial court's judgment.

## BACKGROUND

At the end of the first day of trial, the prosecutor informed the trial court that a copy of a proposed charge should be in the court's file and a copy of the charge had been given to defense counsel. On the second day of trial, defense counsel requested a lunch recess after the State rested. Upon returning from the lunch recess, defense counsel also rested, both sides closed, and the trial court read the charge to the jury. No objections relating to the charge appear in the reporter's record.

## DISCUSSION

As previously noted, Williams contends the trial court erred in refusing to grant defense counsel time to examine the jury charge and present objections to the charge. As a result, Williams asserts the trial court violated the mandatory requirements of article 36.14 of the Texas Code of Criminal Procedure which provides:

> Before [the jury] charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided. The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury. Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any amendment or modification thereof. In no event shall it be necessary for the defendant to except to the action of the court in over-ruling defendant's exceptions or objections to the charge.

TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

The record in this case reflects that as soon as the State rested, a lunch recess was taken. Upon returning from the recess, both sides closed, and the trial court read the charge to the jury. No objections were made at that time.

The record does not affirmatively show defense counsel was not given an opportunity to review the charge before it was read to the jury. Rather, the record reflects the prosecutor provided defense counsel with a copy of the proposed jury charge before the end of the first day of trial. Other than the prosecutor's statement regarding the proposed charge, the record is silent about defense counsel's opportunity to examine the charge and make objections. Given the timing of the lunch recess, an off-the-record discussion about the charge could have occurred during the recess, which might explain why no objection was made when the trial court proceeded to read the charge to the jury immediately after both sides closed following the recess. Or, defense counsel may not have had any objections to the charge.

If defense counsel was not given the opportunity to review the charge before the trial court began reading it to the jury, it was incumbent upon him to object immediately. *Ortiz v. State*, No. 05-16-00817-CR, 2018 WL 416495, at *5 (Tex. App.—Dallas Jan. 16, 2018, no pet.) (mem. op., not designated for publication); *Williams v. State*, No. 04-07-00738-CR, 2008 WL 2355709, at *5 (Tex. App.—San Antonio June 11, 2008, pet. ref'd) (mem. op., not designated for publication); *Jackson v. State*, 87 S.W.3d 677, 679 (Tex. App.—Eastland 2002, no pet.). Furthermore, if defense counsel did object to the charge and the court reporter did not record his comments, it was incumbent upon defense counsel to object to the court reporter's failure to record the proceedings. *See Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996); *Williams*, 2008 WL 2355709, at *5. "'[T]he purpose of requiring a timely, specific objection is to allow the trial court to have the opportunity to make a determination and ruling on the complained-of point' and make corrections, if necessary." *Williams*, 2008 WL 2355709, at *5 (quoting *Brossette v. State*, 99

S.W.3d 277, 285 (Tex. App.—Texarkana 2003, pet. ref'd)). Because no objection was made to the trial court's reading of the jury charge or to the court reporter's failure to record such an objection, if any, Williams's sole complaint has not been preserved for our review. *See id.*; *see also* TEX. R. APP. P. 33.1.

We note that even when a defendant fails to object to a charge which contains error, a trial court's judgment still will be reversed on appeal if the record shows egregious harm to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). In his brief, however, Williams does not assert the jury charge contained any error.

## CONCLUSION

Because the only issue Williams presents on appeal was not preserved for this court's review, we overrule the issue and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH