## LEE SMITH V. THE STATE.

### No. 3199.   Decided November 15, 1905.

**1.—Sunday Law—Evidence Before Grand Jury—Warning of Defendant.**

Where in a prosecution for the violation of the Sunday law there is nothing in the record to show that defendant was under arrest at the time he made his statement before the grand jury, although he evidently believed he was under suspicion for violating the Sunday law and he was questioned about that, and was not warned that his evidence might be used against him, such statement or confession is admissible in a subsequent trial against him. Distinguishing Wood v. State, 22 Texas Crim. App., 431; Gilder v. State, 33 S. W. Rep., 867.

**2.—Same—Evidence—Action of Grand Jury—Failing to Find Bills Against Others.**

On a trial for violation of the Sunday law, it was not competent to prove that the grand jury which found the indictment against the defendant failed to find bills against others for a violation of the Sunday law, or of the gaming law.

**3.—Same—Charges Refused—Liquor Dealer.**

Where on a trial for violation of the Sunday law the evidence showed that defendant was a liquor dealer, the court did not err in refusing a special charge to the effect that no evidence had been introduced of that fact.

**4.—Same—Keeping Open Saloon—Wares and Merchandise—Traffic—Liquor Dealer.**

On trial for the violation of the Sunday law the court was not required to instruct the jury as requested, that appellant must have kept his place open for the sale and exchange of goods, wares and merchandise, and that if he kept it open for any other cause or reason to acquit him, nor what it took to constitute traffic, nor to define to the jury what it took to constitute a liquor dealer.

**5.—Same—Merchant—Saloon-Keeper—Charge of Court.**

On a trial for violating the Sunday law where defendant stated that he was a saloon-keeper; that he had been doing business every Sunday for the last several Sundays, and that there was an agreement between the saloon keepers and the officers to keep open during certain hours on Sunday, there was no error in the charge of the court that if defendant was a merchant or dealer in goods, wares, and merchandise, and opened his place of business for the purpose of traffic on Sunday to convict.

**6.—Same—Charge of Court—Ingress and Egress—Traffic on Sunday.**

There was no error in the charge of the court, on a trial for the violation of the Sunday law, to the effect that the law required defendant's place of business to be closed against all traffic on Sunday, and that it was immaterial whether the door stood open or was open for ingress and egress to parties and was closed as soon as they went in or out, the evidence showing that although the door was closed persons went in and out opening and closing the door.

Appeal from the County Court of Matagorda. Tried below before Hon. Jesse Mathews.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $20.

The opinion states the case.

No brief of either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted for violating the Sunday law, and his punishment assessed at a fine of $20, hence this appeal. There are a number of bills of exception in the record. It appears that Lee Smith was summoned before the grand jury and was sworn, and informed that they were investigating violations of the Sunday law, and without the warning required by the statute, proceeded to question him. They asked him what he knew about violations of the Sunday law, and he admitted that he had been in the habit of violating the Sunday law; that it was an understanding between the saloon men and the officers that they could keep open on Sunday until 9 o'clock, and then open again at 4 o'clock in the evening; and that he had been in the habit of doing this, and on the day charged in the indictment, the saloon which he controlled was opened for business. This testimony was offered on the trial as his confession made before the grand jury, and was objected to by appellant on the ground that he had not been warned; and also on the ground that it was against public policy, and the State was not authorized to go into the grand-jury room for testimony against a defendant. It is now the law that the State can produce on the trial of a defendant testimony delivered before a grand jury. Wisdom v. State, 42 Texas Crim. Rep., 579, which has been followed by Giles v. State, 67 S. W. Rep., 411; and Grimsinger v. State, 44 Texas Crim. Rep., 1. (The writer dissented from the opinion of the majority of the court in those cases.) In all these cases, however, appellant was under arrest when taken before the grand jury and the statutory warning was given. Here appellant when taken as a witness before the grand jury was not under arrest, save such constraint as is induced by the issuance and service of a subpœna which brought him before the grand jury. If the principle is sound, as has been recognized by this court, that the State is authorized to go into the grand-jury room for evidence, and the witness is not under arrest at the time, it is not necessary to give the statutory warning, and the evidence is admissible equally as if the witness had been under arrest and had been warned,—not being under arrest no warning is necessary. However, there is another view of this case. Appellant, though not charged with any offense at the time he came before the grand jury, evidently believed he was under suspicion for violating the Sunday law, and he was questioned about that. In Wood v. State, 22 Texas Crim. App., 431, followed by Gilder v. State, 33 S. W. Rep., 867, the principle appears to be enun-

ciated that, where one, not under arrest, makes a statement or confession before the grand jury, but not informed and believed at the time, he was suspicioned with having committed the offense being inquired about, such statement or confession is not admissible in a subsequent trial against him, regardless of whether he was warned or not. But an inspection of these cases will show that, in both instances, the defendant was under arrest, and that he was not warned—said cases coming clearly within the terms of our statute. We know of no case in which the party was not under arrest, where the warning has been held necessary, where otherwise the statement or confession appears to have been freely and voluntarily made. We do not believe that Wood's case or the cases following it, are authority for holding that, although one believes he is suspected of crime, but is not under arrest on that account, his statement or confession will be excluded because no warning was given, if the statement or confession, as stated before, appears to have been freely and voluntarily made. The quotation of this proposition from the authorities of other states in Wood's case, is no authority, inasmuch as the court distinctly held that Wood was under arrest, and therefore the warning was necessary. We hold that there is nothing in this record to show that appellant was under arrest at the time he made his statement before the grand jury; and that consequently his statement or confession was admissible against him. We have examined the record carefully, and in our opinion there is testimony, in addition to the confession of appellant, and corroborative thereof, authorizing the jury to convict appellant.

It was not competent to prove that the grand jury which found the bill of indictment against appellant, failed to find bills against others for a violation of the Sunday law, or of the gaming law, and the court did not err in excluding this character of testimony.

We do not believe the court was authorized to tell the jury, as requested by appellant in special charge, that no evidence had been introduced in the case showing that defendant was a liquor dealer, etc. We think the evidence shows this fact.

Nor was the court required to instruct the jury, as requested by appellant, that appellant must have kept his place open for the sale and exchange of goods, wares and merchandise, and that if he kept it open for any other cause or reason, to acquit him. Nor was the court required to tell the jury, what it took to constitute traffic. Nor do we think it was necessary for the court to define to the jury what it took to constitute a liquor dealer.

We do not think the fact that the court in charging the jury told them, if they believed that defendant, being a merchant or dealer in goods, wares and merchandise, opened his place of business for the purpose of traffic on Sunday, prejudiced appellant. It may be true that in one sense he was not a merchant, but the proof showed that he was a dealer in liquors, which is merchandise. He stated distinctly that he was a saloon-keeper; and that he had been doing business every

Sunday for the last several Sundays, and he supposed or understood that all the saloons in town had been opening on Sunday, and doing business in the morning until 9 o'clock, and in the afternoon from 4 o'clock until lamplight; that he understood from one of the other saloon men that there was an agreement to that effect with the officers. We presume the jury understood what a saloon was.

Nor did the court err in telling the jury that the law required the place of business to be closed against all traffic on Sunday, and that it was immaterial whether the door stood open or was open for ingress and egress to parties and was closed as soon as they went in or out. This was responsive to some of the testimony, which showed that although the door was closed, persons had ingress and egress. They opened the door and went in, and closed it afterwards.

There being no error in the record, the judgment is affirmed.

*Affirmed.*