Lorenzo **IRVING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41653.

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Feb. 19, 1969.

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Malcolm Dade and Wilson Johnston, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, 8 years confinement in the Texas Department of Corrections.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction.

Mrs. Nadine Akin, saleslady for Sears-Roebuck Store on Lamar Street in the City of Dallas, testified that appellant came to her department on December 5, 1966, at approximately 2:30 or 3 p. m. and stated he wanted to buy a suede coat for his wife. Being busy with a customer at the time, she told appellant she would assist him in a minute. Minutes later she looked up and observed that the suede coat rack a few feet away was empty. She alerted the security personnel and went immediately to the front door of the store. There she saw the appellant leaving the store with four large Sears' millinery sacks in his arms. In company with another female employee she chased the appellant down Lamar Street. When he turned left on Belleview Street Mrs. Akin cut across a parking lot to that street and as she neared the railroad track she found the four bags she had seen the appellant carrying. The bags contained nine suede coats still on Sears' hangers.

Other State's evidence reflects that shortly thereafter appellant was discovered nearby hiding under an automobile by Richard J. Humphries, a Sears security officer, and another Sears employee. Upon being flushed from his hiding place, appellant fled to the nearby Corn Products Buildings where he was cornered in a small room. Brandishing a knife the appellant again made good his escape and the chase, which was to eventually involve

approximately 50 people, began again. Upon their arrival, police officers discovered appellant hiding atop a ten foot building in the area and took him into custody.

Mrs. Pearl K. Swann, Sears fashion counter buyer in charge of the sales floor of the ladies department, identified the nine coats taken (containing Sears-Roebuck labels) as being in her care, custody and control on December 5, 1966, and related that she did not consent to their taking by the appellant. She testified the value of coats, some with mink collars, was in excess of $600.

The appellant offered no evidence.

■■ Considering the jury's verdict in the light most favorable to the State, as we are required to do, we find the evidence amply sufficient to sustain conviction.

■ Relying upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, appellant next complains that his constitutional rights were violated when he was placed in a police lineup without benefit of counsel on December 5, 1966, at which time he was identified by Mrs. Nadine Akin.

Appellant's reliance is misplaced. The decisions in United States v. Wade, supra, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, have been held applicable only to lineups or showups taking place after June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Further, we have carefully examined Mrs. Akin's testimony concerning the lineup, first elicited by appellant on cross-examination and the remainder of the record and find absolutely no violation of due process of law. Graham v. State, Tex. Cr.App., 422 S.W.2d 922; Palmer v. Peyton (4th Cir.), 359 F.2d 199. See also concurring opinion Cobbins v. State, Tex. Cr.App., 423 S.W.2d 589.

■ Lastly, appellant contends the trial court erred in admitting into evidence State's Exhibit # 2 at the penalty stage of the proceedings before the court. State's Exhibit # 2 is a certified copy of a judgment of conviction previously rendered against appellant in Gregg County for the offense of passing as true a forged instrument. It is his contention that no where on such certified copy does there appear the personally written signature of the judge or a replica of his signature. By typewritten entry, State's Exhibit # 2 reflects that the original judgment was signed "David Moore, Judge Presiding." We know of no rule requiring that each certified copy bear the personally written signature of the judge who signed the original. Appellant's contention is without merit.

The judgment is affirmed.