Ralph Chambers, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

**Melvin Ray ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43037.**

Court of Criminal Appeals of Texas.

July 15, 1970.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on February 7, 1966, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging the offense of possession of marihuana. The

punishment was assessed at 10 years. However, the imposition of the sentence was suspended and the appellant was placed on probation subject to certain terms and conditions. Among such probationary conditions was the requirement that the appellant "(a) commit no offense against the laws of this or any other state or the United States."

Following the dismissal of a previous motion to revoke probation the State filed another such motion on April 1, 1968, alleging that the appellant had violated his probationary conditions by committing the offense of possession of marihuana on or about March 6, 1968, and by committing the offense of robbery by firearms on or about March 4, 1967, both offenses being alleged to have occurred in Harris County, Texas.

A hearing on such motion was not held until February 28, 1969, following which the court revoked appellant's probation upon a finding that he had committed the offense of possession of marihuana on March 6, 1968, in violation of his probationary conditions. Sentence was then pronounced. The record on appeal was not filed in this Court until March 5, 1970.

The appellant contends the trial court abused its discretion in revoking probation since the evidence was insufficient to show a violation of a probationary condition.

The State's evidence reflects that on March 6, 1968, Houston police officers Dunlop and Gonzales received information from a credible informant who had given correct information before concerning narcotic possession that the appellant would be leaving his house at 3026 Rowe in a 1967 blue and white pickup truck and would have a quantity of marihuana in his possession.

Fifteen minutes later the officers saw the appellant and his brother in a blue and white Chevrolet pickup truck at the corner of Rowe and Telephone Road. The officers followed the appellant and his brother to a car wash at 6300 Griggs Road where they had stopped. They were then detained.

Detectives Leonard and Talley of the Robbery Division arrived on the scene shortly thereafter and Detective Leonard found in the glove compartment of appellant's pickup truck, which appellant had been driving, two pairs of gloves, a piece of a woman's stocking and an inch or ¾ inch of a partially smoked marihuana cigarette.

It was shown by a chemist's testimony that the cigarette was in fact marihuana and was enough to smoke.

Larry Ellis, the appellant's 19 year old brother, testified that the marihuana cigarette was his and that he had placed it in the truck without the appellant's knowledge. He acknowledged on cross-examination that he only occasionally drove his brother's truck.

The appellant denied knowing that the marihuana cigarette was in his truck, though he testified the other items in the glove compartment of his truck belonged to him.

On cross-examination the appellant was asked if he had robbed the Homestead State Bank in the early part of March, 1968. After objection it was stipulated he had been acquitted by a jury of such charge. Thereafter the State withdrew its question.

We deem the evidence sufficient to sustain the trial court's finding earlier noted. The unlawful possession of marihuana need not be exclusive to reflect a violation of the law. Ochoa v. State, Tex. Cr.App., 444 S.W.2d 763. Further, the trial judge as the trier of the facts at a revocation hearing is the sole judge of the

credibility of the witnesses and the weight to be given to their testimony. He may accept or reject any part of a witness' testimony. Cf. Hudson v. State, Tex.Cr.App., 418 S.W.2d 813.

Finding no abuse of discretion, the judgment is affirmed.