**Ruben Perez ORTIZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43590.**

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

█

No attorney on appeal.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on September 12, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to the offense of possession of marihuana. The punishment was assessed at 3 years, but imposition of the sentence was suspended and the appellant placed on probation. Among the conditions of probation imposed was the requirement that appellant "(a) commit no offense against the laws of this or any other State or the United States."

On January 6, 1970, the State filed a motion to revoke probation alleging that on December 31, 1969, the appellant had committed the offense of breaking and entering a motor vehicle in violation of his probationary conditions.

On January 17, 1970, the court conducted a hearing on said motion.

Mrs. L. P. Cozzen testified that on December 31, 1969, someone broke and entered her 1967 Chevrolet automobile parked near the Piggly Wiggly Store No. 2 on North Fourth Street in Lamesa and took therefrom dresses belonging to her. She related that she did not give the appellant nor anyone else permission to break and enter her automobile.

David Barraza, an employee of the said Piggly Wiggly, testified that on the date in question he observed one Jesse Rocha enter the described vehicle and take therefrom dresses and then run to a Ford automobile driven by the appellant whom he knew. He related that the two men drove off to the north. He immediately reported his observations to the assistant manager of the Piggly Wiggly store.

Testifying for the appellant, Jesse Rocha admitted breaking and entering the vehicle and taking the dresses, but denied that the appellant knew he had them when they departed together along with Lupe Perez and Andrew Jimenez from the vicinity of the Piggly Wiggly store. He claimed the dresses were in a paper bag and he later threw them into a vacant lot and he did not think the appellant saw him do so.

The appellant testified he had no knowledge that Rocha had committed the crime, and that Perez and Jimenez had indeed departed the scene with him and Rocha.

The State's rebuttal witnesses related that Perez and Jimenez were still in the store after the offense had been committed and after the departure of the appellant and Rocha. It appears they were being watched at the time as possible shoplifters.

We deem the evidence sufficient to show that the appellant was a principal to the offense of breaking and entering a motor vehicle. In a revocation of probation hearing the trial judge is the trier of the facts, the judge of the credibility of the witnesses and weight to be given to their testimony.

See Ellis v. State, Tex.Cr.App., 456 S.W.2d 398.

The trial judge did not abuse his discretion in revoking probation.

The judgment is affirmed.