**Robert TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46573.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Rehearing Denied April 25, 1973.

Kenneth L. Sanders, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Allen McAshan, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on June 9, 1970, and was adjudged guilty of the offense of assault with intent to commit robbery; the punishment was assessed at ten years imprisonment. Imposition of the sentence was suspended and the appellant was placed on probation.

On May 5, 1972, the court heard the State's motion to revoke probation and found that the appellant had violated the condition of his probation that he would "commit no offense against the laws of this or any other state  .  .  . "  An order revoking probation was entered and the appellant was sentenced.

Appellant contends "[t]he evidence is insufficient to sustain the revocation."  There is ample evidence in the record to support the finding of possession of heroin.

Armed with a search warrant, officers entered a private residence where the appellant was a guest. The appellant was observed by Officers Stringfellow and Zavalla to take a "pinch of heroin wrapped in tinfoil" from his sock and drop it on the floor. Officer Zavalla retrieved the package and Officer Stringfellow made a Mar-

quis reagent test at the scene which revealed the presence of opium derivatives in the substance recovered. After a proper chain of custody had been shown, a chemist testified that the substance recovered was 20% heroin.

The evidence is sufficient to support the trial court's findings. Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App.1970).

 The appellant urges that his possession of the small quantity of heroin was not a violation of the law because he was an addict. Even if the record supported the assertion made in the brief that the appellant was a heroin addict, his possession of heroin would still constitute a violation of the law. Article 725b, Vernon's Ann.P.C. Rangel v. State, 444 S.W.2d 924 (Tex.Cr. App.1969).

No abuse of discretion being shown, the judgment is affirmed.

Opinion approved by the Court.