Lionell **CAMPBELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48000.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Richard Cross, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Poe and Stanley Topek, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On November 19, 1970, appellant was convicted of possession of marihuana, following a plea of guilty. His punishment was assessed at eight (8) years, probated. One of the conditions of his probation was that he commit no offense against the laws of this or any other State, or of the United States.

On October 24, 1972, the State filed a motion to revoke probation, alleging that

appellant "committed the offense of possession of heroin on July 25, 1972, in Harris County, Texas."

A hearing was held on this motion on January 2, 1973, at the conclusion of which the court found that appellant had violated the above condition of his probation and revoked the probation.

Pursuant to a tip received from an informant, a green Camaro was halted by officers at the intersection of Bunker Hill Road and Taylorcrest Street in Harris County at about 10:30 P.M. on July 25, 1972. Appellant was a passenger in the vehicle. Officer Frazier testified that as he shined a flashlight into the car he observed appellant turn his head away and drop a small package to the floorboard of the vehicle. Frazier removed the driver and seized the package from the floorboard on the passenger's side. The package contained twenty-one individual packages totalling 1.50 grams of 60.5% heroin.

Appellant testified that he did not know about the heroin and that the officers searched the car for about twenty minutes before the heroin was found.

■ Appellant complains in his first contention that:

"The trial court committed reversible error in revoking defendant's probation when the only evidence of his prior conviction was a certified copy of a judgment, both the original and the copy lacking the signature of the judge."

The record reflects that the judgment of appellant's prior conviction for possession of marihuana was recorded in the minutes of the 177th District Court of Harris County, and a certified copy of the judgment was admitted into evidence.

Article 42.01, Vernon's Ann.C.C.P., does not require the judge's signature on the judgment. The fact that the prior judgment and sentence were not signed by the judge does not affect the validity of the. former conviction. Rose v. State, Tex.Cr.

App., 470 S.W.2d 198; Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84; Irving v. State, Tex.Cr.App., 436 S.W.2d 537. See also Emerson v. State, Tex.Cr.App., 476 S.W.2d 686.

Appellant contends that:

"Reversible error was committed when the trial court revoked the probation of the negro defendant, charged with unlawful possession of narcotics, when it knew that the State had failed to prosecute the white driver of the car in which the narcotics was found, which was a denial of 'equal protection of laws' as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 3 of the Texas Constitution, Vernon's Ann.St."

This contention is without merit for numerous reasons.

■ First, the assertions by appellant that the police "put the case" on him because he was a Negro are not supported by the record. The officers testified unequivocally that appellant was seen dropping a package on the floorboard of the vehicle. The package found on the floorboard on the passenger's side of the vehicle proved to be heroin. The evidence was sufficient to support the court's finding that appellant possessed heroin. See Taylor v. State, Tex.Cr.App., 492 S.W.2d 476; Ellis v. State, Tex.Cr.App., 456 S.W.2d 398.

■ The fact that other persons may have violated the law is no excuse or justification for appellant's violation. Hickman v. State, 64 Tex.Cr.R. 161, 141 S.W. 973; see Smith v. State, 48 Tex.Cr.R. 509, 90 S.W. 37.

■ Further, the record does not reflect that a case was ever filed against appellant as a result of the events in question. Appellant had already been convicted of the primary offense and the only question before us is whether the trial court abused its discretion in revoking probation. Jones v. State, Tex.Cr.App., 478 S.W.2d 937;

Armstrong v. State, Tex.Cr.App., 472 S. W.2d 150; Branch v. State, Tex.Cr.App., 465 S.W.2d 160; Patton v. State, Tex.Cr. App., 450 S.W.2d 856.

■ Finding that the court did not abuse its discretion in revoking probation, the judgment is affirmed.

Opinion approved by the Court.