**Ex parte Sylvester ADAMS.**

**No. 52716.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Melvyn Carson Bruder, Dallas, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GUPTON, Judge.

This is a post-conviction application for writ of habeas corpus under Art. 11.07, V.A.C.C.P.

Petitioner's pro se application for writ of habeas corpus raises inter alia the issue of double jeopardy and the doctrine of carving in relation to two convictions for violations of Art. 725b, V.A.P.C.

The record reflects petitioner was indicted in Dallas County in Cause No. C72–7101–MK for possession of marihuana and in Cause No. C72–7102–MK for possession of heroin, both offenses alleged to have been committed on July 19, 1972. On October 24, 1972, petitioner pleaded guilty to both offenses and the jury assessed punishment at 30 years in each case. No appeal was taken from these convictions.

The trial court entered an order recommending petitioner be granted relief and entered the following findings of fact based on the records in the cases:

"4. The convictions in both cases were based on the same evidence. The narcotic drugs involved in both cases were seized virtually simultaneously. Both convictions constitute violations of the same statute—Tex.Penal Code, art. 725b (1925)."

Although this Court is not bound by the findings of the trial court in a habeas corpus proceeding, we find the trial court's summary of the facts is correct. It is clear the simultaneous possession of marihuana and heroin constituted a single offense. *Ellis v. State,* Tex.Cr.App., 502 S.W.2d 146. The doctrine of carving mandates that one of the two convictions is invalid. *Jones v. State,* Tex.Cr.App., 482 S.W.2d 194.

The record does not reflect which verdict was received first or which judgment was entered first. Presumptively, petitioner was first indicted for possession of marihuana since the indictment number in that case is a lower number than the indictment for possession of heroin. Thus we

assume petitioner's plea of guilty and conviction for possession of marihuana in Cause No. C72–7101–MK was valid and prior in time to the conviction for possession of heroin in Cause No. C72–7102–MK. See *Ex parte Calderon,* Tex.Cr.App., 508 S.W.2d 360.

The relief requested by petitioner is granted to the extent the judgment and sentence in Cause No. C72–7102–MK is voided and the indictment in that case is dismissed. The conviction for possession of a narcotic drug in Cause No. C72–7101–MK is still a valid sentence and is not disturbed by this ruling.[1]

It is so ordered and a copy of this opinion shall be sent to the Texas Department of Corrections.

---

1. We have reviewed the other three allegations in the pro se application for writ of habeas corpus in which petitioner attacks the legality of his confinement for conviction in Cause No. C72–7101–MK and find them to be without merit. All relief requested with respect to that conviction is denied.