**Glenn Moore RICE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 54005, 54006.**

Court of Criminal Appeals of Texas.

March 23, 1977.

Rehearing Denied April 13, 1977.

Don E. Kilpatrick, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert A. Shults and Tyler Moore, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from orders revoking appellant's probation in two cases.

On November 8, 1973, appellant pled guilty to the offenses of possession of heroin in Cause No. 193348 and possession of cocaine in Cause No. 193352. Punishment was assessed at ten years in each case, probated. One of the conditions of proba-

tion was that he commit no offense against the laws of this State.

On September 12, 1975, amended motions to revoke probation were filed alleging that appellant committed the offense of possession of heroin. On October 28, 1975, probation was revoked and appellant was sentenced to ten years in each case.

Appellant contends the trial court abused its discretion because the evidence was insufficient to support the revocation order.

At the hearing Officer R. E. Ashwood testified that he was in the narcotics division of the Houston Police Department. On August 27, 1975, he and other officers executed a search warrant at a house located at 510 West Drew in Houston and arrested several people on the premises. While Ashwood was standing in the living room he observed appellant and Georgianna Knight and her daughter approach the house. After they knocked on the door, Ashwood let them enter and placed Knight and appellant under arrest. One of the officers searched appellant and found approximately $2,000.00 in cash.

Ashwood further testified that appellant's truck was parked nearby. Ashwood requested permission to search it because appellant seem nervous and had fresh "needle tracks" on his arms. Appellant consented to the search of his vehicle.

Officer K. R. Williamson testified that he saw appellant and Knight and a small child approach the house in appellant's truck. Appellant was driving.

Williamson testified that he and Officer R. J. Thomas conducted the search of appellant's truck. They found contraband, including heroin, in the rear of the vehicle.

Officer Thomas testified that he assisted other officers in arresting appellant on the day in question. Appellant told them that ". . . you can search my vehicle. I have nothing to hide." Thomas took the keys and searched it. He and Williamson discovered an ice chest in the truck's camper. It contained "one gram of heroin, eleven vials of red hashish oil, one baggie of marihuana, eleven red Seconal capsules, and about twenty unknown white pills." They also found two marihuana cigarettes in the ashtray inside the cab of the truck.

Thomas testified that he took the contraband into a room of the house where appellant was in custody and told him it was found in the truck. Appellant stated that ". . . all the dope was his and his only and that he didn't want to get Ms. Knight into trouble because he was just giving her a ride in his pickup truck."

Thomas further testified that appellant was then taken to the police station. After being warned of his rights, appellant gave a written confession stating that "all of the narcotics found inside my truck belong to me and me alone."

Peter Christian testified that he was employed as a chemist and toxicologist for the police department. He analyzed the contents of State's Exhibit No. 8, three-tenths of a gram of white powder found in appellant's truck. Christian stated that, in his opinion, the powder was eighteen percent heroin.

Georgianna Knight testified in appellant's behalf. She stated that appellant had given her a ride to 510 West Drew on the day in question and that the contraband belonged to her. She further stated that she hid it in the ice chest to prevent appellant from discovering it.

■ Appellant argues the evidence does not prove he possessed the heroin. To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App. 1976); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.1974).

■ Appellant's confession, in conjunction with the testimony that appellant was in control of the truck in which the heroin was found, established these elements. See *Terrill v. State*, 531 S.W.2d 642 (Tex.Cr. App.1976); *Dabbs v. State*, 507 S.W.2d 567 (Tex.Cr.App.1974).

■ Although Georgianna Knight testified that the contraband was in her sole possession, the trial court, as the trier of facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject any part or all of the witnesses' testimony. *Casey v. State*, 519 S.W.2d 859 (Tex.Cr.App. 1975); *Guillory v. State*, 487 S.W.2d 327 (Tex.Cr.App.1972). We find that the evidence was sufficient to support the revocation order.

Appellant next contends that the trial court abused its discretion because his arrest was made without probable cause and the confession and contraband obtained as the result thereof should have been suppressed.

■ The thrust of appellant's argument is that the search warrant and the authority to arrest incident thereto were restricted to those persons found inside the residence at 510 West Drew. He asserts that he never entered the house until after the search had begun.

The argument is without merit. The warrant directs officers to search the premises at 510 West Drew for marihuana and to arrest a "white male and white female, in their twenties . . . and other persons unknown" at the premises. Thus, the officers in the instant case had the authority to arrest any unnamed person on the premises at the time of the execution of the warrant. *Hernandez v. State*, 437 S.W.2d 831 (Tex. Cr.App.1968), cert. denied, 395 U.S. 987, 89 S.Ct. 2148, 23 L.Ed.2d 775; *Daltwas v. State*, 375 S.W.2d 732 (Tex.Cr.App.1964). Moreover, it is well established that there is no meaningful distinction between persons found on the premises by the officers when they initiate their search and persons who enter the premises after the search had begun. *Martinez v. State*, 504 S.W.2d 897 (Tex.Cr.App.1974); *Johnson v. State*, 440 S.W.2d 308 (Tex.Cr.App.1969). We conclude that appellant's confession and consent to search the truck were not obtained as the result of an illegal arrest and overrule his contention.

Next, appellant contends that the trial court abused its discretion because his consent to search the truck was involuntary.

■ A search conducted pursuant to consent is one of the specifically established exceptions to the Fourth Amendment requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Davis v. United States*, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946). The protections afforded by Article I, Section 9 of the Texas Constitution against arbitrary invasions of privacy by governmental officers, as well as those afforded by the Fourth Amendment, may be waived by an individual consenting to a search. *Kolb v. State*, 532 S.W.2d 87 (Tex.Cr.App.1976); *Paprskar v. State*, 484 S.W.2d 731 (Tex.Cr. App.1972).

■ The burden of proof is upon the prosecution to show that consent was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Paprskar v. State*, supra. The burden requires that the prosecution show that consent given was positive and unequivocal; there must be no duress or coercion, actual or implied. *Kolb v. State*, supra; *Allen v. State*, 487 S.W.2d 120 (Tex.Cr.App.1972). Thus, mere acquiescence to a claim of lawful authority cannot constitute consent. *Bumper v. North Carolina*, supra; *Paprskar v. State*, supra.

■ Whether a consent to search was voluntary is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte*, supra; *Kolb v. State*, supra. However, the fact of arrest does not prevent consent from being freely and voluntarily given. *Weatherly v. State*, 477 S.W.2d 572 (Tex.Cr.App.1972); *Bennett v. State*, 450 S.W.2d 652 (Tex.Cr. App.1969).

In the instant case, the record reflects that appellant was arrested and searched when he entered the house. He was then taken to a back room where Officer Thomas immediately advised him of his constitutional rights in full compliance with *Miran-*

*da v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant stated that he understood his rights and gave the officers permission to search the truck. The officers did not have their guns drawn nor did they physically abuse appellant while they talked to him, according to their testimony.

Appellant testified at the revocation hearing for the limited purpose of asserting that his confession was involuntary. He stated that he was literate and had completed approximately thirty hours of college. He did not refute the testimony that his consent to search the truck was voluntary.

■ From the totality of these circumstances, we conclude that appellant's consent to search his truck was freely and voluntarily given. That he apparently acted out of concern that Georgianna Knight might be charged with a crime does not render the consent involuntary. See and compare *Roberts v. State*, 545 S.W.2d 157 (Tex.Cr.App.1977). The contention is overruled.

■ Appellant contends the trial court abused its discretion in admitting the confession into evidence because it was involuntary. Generally, the only question before this Court on appeal from an order revoking probation is whether the trial court abused its discretion in revoking probation. *Campbell v. State*, 502 S.W.2d 736 (Tex.Cr.App.1973); *Isabell v. State*, 494 S.W.2d 572 (Tex.Cr.App.1973). Even if we were to hold the confession inadmissible, the evidence is sufficient to show that appellant possessed the heroin. No abuse of discretion is shown. The contention is overruled.

Appellant next contends that the trial court abused its discretion because the revocation was based on a ground not alleged in the motion to revoke.

The record reflects the following oral findings by the trial court:

"Under this evidence, I find that you have violated the conditions of probation that you received by this Court in Cause No. 193,352 and 193,348, in that you committed the offense of unlawfully possessing a controlled substance, to-wit, heroin, in Harris County, Texas, on the 28th of August, 1975, and, further, which is a violation of conditions of probation—further, that you so failed to avoid persons of harmful character, by the testimony in this hearing, and for those two reasons, your probation is revoked in each case."

■ The court's revocation order also recites that appellant committed the offense of possession of heroin and failed to avoid persons of harmful character. The State's motion to revoke probation did not allege the latter ground. The findings recited in the court's order are sufficient to show that appellant violated the terms of his probation as alleged by the State in its motion, and the fact that the court unnecessarily made an additional finding of probation violations does not render the order invalid. *Houston v. State*, 486 S.W.2d 365 (Tex.Cr.App.1972).

We perceive no reversible error in the contention that the trial court abused its discretion because it put the burden of proof upon appellant at the hearing. Such contention is not supported by the record.

Lastly, appellant asserts that his original convictions constitute a violation of the double jeopardy provisions of the state and federal constitutions. He argues that both offenses arose out of the same transaction and thus the State should have been allowed to carve only one offense.

The record reflects the following facts:
(1) Both indictments were returned by the same grand jury on the same day and alleged the same date of offense.
(2) The waivers of trial by jury, stipulations of evidence and judicial confessions in both cases were accepted by the same court and reflect the offenses occurred on the same date.
(3) The judgments in both cases likewise reflect the identical dates and courts.

■ Ordinarily, a collateral attack on the original conviction is not permitted on appeal from a revocation of probation.

**730**

Ramirez v. State, 486 S.W.2d 373 (Tex.Cr. App.1972); Taylor v. State, 482 S.W.2d 246 (Tex.Cr.App.1972). Appellant's contention in the instant case would be properly raised in a post-conviction application for writ of habeas corpus under Article 11.07, V.A.C. C.P. However, the State concedes that the entire transaction constituted a single offense under the authority of Ex parte Adams, 541 S.W.2d 440 (Tex.Cr.App.1976). Under these circumstances, to require a separate habeas corpus proceeding to attack the convictions would be to require a useless thing. See Ramirez v. State, supra; Smith v. State, 486 S.W.2d 374 (Tex.Cr.App. 1972); Davis v. State, 529 S.W.2d 547 (Tex. Cr.App.1975) (dissenting opinion).

Therefore, we find that the State improperly carved two offenses out of a single transaction and one of the convictions is invalid. The record does not reflect which conviction occurred first. We thus assume appellant's plea of guilty and conviction for possession of heroin in Cause No. 193348 were valid and prior in time to the conviction for possession of cocaine in Cause No. 193352. See Ex parte Birl, 545 S.W.2d 169 (Tex.Cr.App.1977); Ex parte Adams, supra.

The judgment and sentence in Cause No. 193352 are set aside and the indictment in that case is dismissed. We hold that the conviction for possession of heroin in Cause No. 193348 is valid.

The prosecution under indictment in Cause No. 193352 (our Cause No. 54,006) is ordered dismissed. The judgment in Cause No. 193348 (our Cause No. 54,005) is affirmed.