Kenneth Wayne DAVIS, Appellant,

v.

The STATE of Texas, State.

No. 2–83–133–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1983.

Kerry P. Fitzgerald, Dallas, for appellant.

R.K. Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Kenneth Wayne Davis, was convicted by a jury of capital murder. Punishment was originally assessed at death. Subsequently, the trial court commuted the sentence to life, upon the State's motion.

We affirm.

Davis raises four grounds of error asserting the following: (1) admission of an in-court identification of Davis because the testimony was tainted by an unduly suggestive pre-trial confrontation procedure; (2) admission of the fruits of a search of Davis' residence; (3) the prosecutor's argument injected his own personal opinion not based on any evidence; and (4) this unsworn opinion by the prosecutor denied Davis due process.

The record reflects that on November 19, 1977, Officer J.C. Wright of the Dallas Police Department was driving down the street at 4:50 a.m. when he noticed a van coming toward him. As he approached and passed the van, he was able to see into the van through the side window and made eye contact with the driver. He testified that he came within three or four feet of the

driver and passed the van at five to ten miles an hour. He also testified that it was dark outside but that there was some illumination from streetlights and the headlights of both vehicles. He described the driver as wearing a tan windbreaker and a light-colored shirt. The driver had no beard or mustache.

Later that morning, Wright became aware of the robbery at the Fishburn Cleaners and as a part of his duties was shown a photocopy of a photograph of a person who appeared to be the appellant, Kenneth Davis. This was shown to him as the possible driver of the van. During the course of the investigation, Wright was shown a photocopy and a photograph of Davis but was unable at any time to identify the person depicted as the driver of the van. Wright was brought to the courtroom twice during pre-trial proceedings by the prosecutor to see if he could identify Davis as the driver of the van. At trial, he positively identified Davis as the driver.

Davis contends that Wright's in-court identification was tainted by Wright's having viewed the photograph and photocopy of Davis and his having viewed Davis in court on the two prior occasions. The trial court entered findings of fact and conclusions of law after a hearing outside the presence of the jury to the effect that there was no taint. We hold that Wright's in-court identification testimony was based solely on his observation of Davis in the van as reflected by his testimony.

■ The test for determining the independence of the in-court identification is set out in *Turner v. State,* 614 S.W.2d 144, 146 (Tex.Cr.App.1981):

(1) the prior opportunity to observe the alleged criminal act

(2) the existence of any discrepancy between any pre-lineup description and the defendant's actual description

(3) any identification prior to lineup of another person

(4) the identification by picture of the defendant prior to the lineup

(5) failure to identify the defendant on a prior occasion, and

(6) the lapse of time between the alleged act and the lineup identification.

■ Wright testified that he had an adequate opportunity to view Davis from a distance of not more than five feet. Due to the physical nature of the intersection, he had to slow down and had reason to look directly at Davis. His first description of Davis did not differ from Davis' actual description and he never identified anyone else as the driver of the van. While the officer was unable to identify Davis from the photocopy or the photograph, he did not fail to identify Davis as the driver he saw at his first opportunity to see Davis in person. We think the independent nature of Wright's in-court identification is established by this record.

■ Assuming, arguendo, that the admission of the identification testimony was error, we hold it was harmless beyond a reasonable doubt. Davis' written confession was introduced at trial and is sufficient to connect Davis with the murder absent Wright's identification testimony. Ground of error one is overruled.

■ Ground of error two asserts that the State failed to prove that the search of Davis' residence was done with consent. Whether a consent to search was freely and voluntarily given is a question of fact to be determined by the trial court on the basis of the totality of circumstances of the case. *Rice v. State,* 548 S.W.2d 725, 728 (Tex.Cr. App.1977). The trial court's determination, if supported by the record, should not be overturned on appeal.

■ The record reveals that Dallas police officers knocked on the door of the residence, were greeted by Davis' father, Mr. Hall, and were allowed to enter the house. Officer J.W. Johnson told Hall that they were investigating a burglary concerning Davis and his brother and asked Hall if he had any objection to the officers searching the house. Hall said he did not and later signed a consent to search form. We hold

that this record supports the trial court's ruling and overrule ground of error two.

Grounds of error three and four assert error in the prosecutor's argument to the jury. The record reflects that the court sustained Davis' objection to the argument complained of in the third ground of error but that no further relief was requested. Thus, nothing is preserved for appellate review. *Henderson v. State,* 617 S.W.2d 697, 698 (Tex.Cr.App.1981). The argument complained of in ground of error four took place in the punishment stage of the capital murder trial. As the sentence was commuted to life imprisonment, error, if any, in the punishment stage is rendered harmless. *Sanne v. State,* 609 S.W.2d 762 (Tex.Cr.App. 1980). Grounds of error three and four are overruled.

The judgment is affirmed.