Eric Robert CORDERO, Appellant,

v.

The STATE of Texas, State.

No. 2–92–021–CR.

Court of Appeals of Texas,
Fort Worth.

April 28, 1993.

Keith E. Jagmin, Dallas, for appellant.

Bruce Isaacks, Criminal Dist. Atty., and Kathleen A. Walsh, Asst., Denton, for State.

Before HILL, C.J., and FARRIS and DAY, JJ.

OPINION

HILL, Chief Justice.

Eric Robert Cordero appeals from his conviction for the offense of aggravated

---

possession of marihuana following his plea of guilty to the court. The court assessed his punishment at eight years in the Texas Department of Criminal Justice, Institutional Division. Cordero asserts in a single point of error that the trial court erred in overruling his pretrial motion to suppress.

We affirm because we hold that the trial court's determination that Cordero consented to the search of his vehicle and the contents of his suitcase and that his consent was freely and voluntarily given is supported by the record.

Cordero authorized officers to search his vehicle after he was stopped for a traffic offense. He does not challenge the legality of the traffic stop.

■ Whether a consent to search was freely and voluntarily given is a question of fact to be determined by the trial court on the basis of the totality of circumstances of the case. *Rice v. State,* 548 S.W.2d 725, 728 (Tex.Crim.App.1977); *Davis v. State,* 657 S.W.2d 17, 19 (Tex. App.—Fort Worth 1983, pet. ref'd). We will not overturn this cause on appeal if the trial court's determination is supported by the record. *Davis,* 657 S.W.2d at 19.

Sergeant Johnny Glass of the Denton County Sheriff's Department testified that after stopping Cordero for a traffic offense he issued him a warning citation. He indicated that Cordero was then free to go. At that time the officer, suspecting that Cordero might be guilty of some offense, asked Cordero for permission to search his vehicle. He did not tell him of his right to refuse to consent to the search. Cordero signed a consent form authorizing Sergeant Glass and another officer to search his vehicle. The form authorized the officers to take from his premises and property any letters, papers, materials, or any other property or things which they might desire as evidence for criminal prosecution in "the case or cases under investigation." The form indicated that the consent was given voluntarily and without any threats or promises of any kind.

When Sergeant Glass opened the trunk of the vehicle, he found two suitcases, a duffel bag, and a zipper bag. He held up the two suitcases and the zipper bag and asked to whom each belonged. Cordero stated that the zipper bag and a suitcase were his. Sergeant Glass found marihuana in Cordero's suitcase.

Cordero's version of the facts was quite different. He testified that Sergeant Glass told him that he stopped him because he thought his car was stolen. He said that Sergeant Glass told him that he needed to sign the consent form to enable the officer to determine if he really owned the car. Additionally, he said that Sergeant Glass told him he had to sign the form because they were going to check out his car anyway. He said that he never felt that he was free to go. He indicated that Sergeant Glass did not issue him a warning citation at the scene of the stop, but that he found one in his belongings when he posted bond.

■ Although the testimony was conflicting, we hold that there was support in the record for the trial court to determine from the totality of the circumstances that Cordero's consent to the search was freely and voluntarily given.

Cordero argues that he was under arrest when the consent to search was given. We hold that the trial court was free to believe Sergeant Glass's testimony that Cordero was free to leave after the officer gave him the warning ticket.

Cordero also contends that Sergeant Glass's search of his suitcase and the other closed containers located in the trunk exceeded the scope of his consent. Cordero relies on the case of *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 1639, 109 L.Ed.2d 1, 6–7 (1990). We find that case to be distinguishable. First, we note that at the Supreme Court level in that case there was no issue of a consent to search. The opinion in that case dealt only with the Florida Highway Patrol's lack of a policy with respect to the opening of closed containers during an inventory search. The case at bar did not involve an inventory search. Consequently, *Florida v. Wells* has no application to this case.

The Florida Supreme Court, in *State v. Wells,* 539 So.2d 464 (Fla.1989) (per curiam)

held that Wells' oral consent to search the trunk of his car did not authorize the Florida Highway Patrol to search a locked briefcase within the trunk. In the case at bar, Cordero gave a written consent that was broader than the oral consent by Wells. Additionally, Cordero's suitcase was not locked. We overrule Cordero's sole point of error.

The judgment is affirmed.