IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-179-CR






LARRY RICHARD KELLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY



NO. 20,746, HONORABLE ROBERT E. RAESZ, JR., JUDGE PRESIDING



 






 After finding appellant guilty of the offense of driving while intoxicated, Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993), the trial court suspended imposition of sentence
and placed appellant on probation. Appellant's probation was subsequently revoked based on
findings by the trial court that appellant violated the terms and conditions of his probation by
failing to: (1) report to his probation officer as directed by the court or probation officer in
December 1990, January 1991, April 1991, and June 1991; (2) pay his probation supervision fees;
and (3) perform community service hours as directed. Time of jail confinement, originally
assessed at two years, was reduced to one hundred-fifty days. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 26(a) (West Supp. 1993).

 Generally, the only question presented on an appeal from an order revoking
probation is whether the trial court abused its discretion. Rice v. State, 548 S.W.2d 725, 729 
(Tex. Crim. App. 1977). No abuse of discretion is shown in the trial court's action in revoking
probation where the proof is sufficient to show that the probationer violated any of the terms and
conditions of probation. O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). The
standard of proof required to sustain a revocation of probation is a preponderance of the evidence. 
Lloyd v. State, 574 S.W.2d 159, 160 (Tex. Crim. App. 1978).

 In his first point of error, appellant asserts that there "is no evidence to show that
appellant failed to report to the Bastrop County Probation Department as ordered by the court." 
Appellant concedes the "record does reveal that appellant did not report to the Galveston County
Probation Department in December 1990, January 1991, April 1991, and June 1991."

 Julia White, a supervisor with the Galveston County Probation Department,
testified that she was familiar with the fact that appellant was placed on probation in Bastrop
County. White first saw appellant on September 6, 1990, as the result of a "courtesy supervision
agreement between the counties." She received copies of the terms and conditions of appellant's
probation and reviewed them with appellant on his first visit to her office. White related that she
went through the conditions of probation "step by step" and had appellant sign a "check list." 
Pursuant to White's direction, appellant reported to her on the designated dates in October 1990
and November 1990. In light of appellant's representation that he did not have control of his
work schedule, White advised appellant to call at a later date in order that a time might be
arranged for appellant to report in December. Appellant failed to report in December 1990 and
in January 1991. White stated that she wrote appellant two letters before appellant again reported
in February 1991 and March 1991. During the March visit, White advised appellant to report on
April 3rd and gave appellant a card with that date written on it. Appellant did not report on the
assigned date in April or at any other time in April 1991. Appellant called to say that he would
be unable to report on the date assigned for him to report in June. Another date was set for June,
but appellant failed to appear on that date or any other time in June 1991.

 The condition of appellant's probation relative to reporting to the probation officer
tracks one of the statutory "Basic Conditions of Probation," requiring appellant to "Report to the
probation officer as directed by the judge or probation officer and obey all rules and regulations
of the probation department." See Tex. Code Crim. Proc. Ann. art. 42.12, § 11(4) (West Supp.
1993). Appellant does not assert that he had changed his place of residence so as to necessitate
a court-approved transfer of supervision to the Galveston County Probation Department. (1) On the
contrary, it appears to be appellant's position that his place of residence was in Bastrop County
when he reported to the Galveston Probation Department in September 1990. The record reflects
that appellant appeared with counsel in the County Court at Law in Bastrop County on an earlier
motion to revoke his probation in October 1990, a date after appellant made his initial visit to the
Galveston County Probation Department.

 We must determine what authority, if any, the Galveston County Probation
Department had to supervise appellant's probation on the dates of the alleged violations. The
supervision of a probationer temporarily working or residing in another jurisdiction is addressed
in 37 Tex. Admin. Code § 321.3(g), (h) (1993):



(g) Probation transfer. CSCDs [Community Supervision and Corrections
Department] should notify other jurisdictions when probationers will be
working or residing in that jurisdiction temporarily. If the probationer will
be in another jurisdiction more than 30 days, courtesy supervision should be
requested.


(h) Courtesy supervision. CSCDs providing direct supervision to probationers
transferred from other jurisdictions within Texas should monitor payments
of court ordered fees, costs, and restitution, and cooperate with the
department of original jurisdiction in enforcing all conditions of probation.



The Texas Administrative Code Act provides:



The codified rules of the agencies published in the Texas Administrative Code, as
approved by the secretary of state and as amended by documents subsequently field
with the office of the secretary of state, are to be judicially noticed and constitute
prima facie evidence of the text of the documents and of the fact that they are in
effect on and after the date of the notation.



Tex. Rev. Civ. Stat. Ann. art. 6252-13b, § 4 (West Supp. 1993).

 Appellant complains for the first time on appeal about the Galveston County
Probation Department's lack of authority to supervise his probation. The testimony of both
appellant and White reflects that appellant made a number of visits and telephone calls to the
Galveston County Probation Department. The evidence appears undisputed that appellant
recognized the authority of the Galveston County Probation department to supervise his probation.

 While it would be a desirable practice to have a written order entered of record for
a courtesy supervision in another county when a probationer is temporarily in that county, sections
321.3(g) and 321.3(h) of the Administrative Code fail to address this matter. White testified
relative to an agreement between the counties for courtesy supervision, and appellant, by his
actions, acknowledged the authority of the Galveston County Probation Department to supervise
his probation. Appellant did not challenge that authority at the revocation hearing. We find the
evidence sufficient to sustain the trial court's findings that appellant failed to report to his
probation officer in accordance with the terms and conditions of his probation. Appellant's first
point of error is overruled.

 Since proof of any violation of the terms of probation will support an order to
revoke, we find it unnecessary to address appellant's second and third points of error in which he
challenges the sufficiency of the evidence to support the remaining findings of the court. In his
fourth point of error, appellant contends that the written order entered by the trial court does not
comport with the oral findings made by the trial court at the conclusion of the hearing. The trial
court announced from the bench that appellant had violated the conditions of his probation that
were subsequently reduced to writing in the order revoking appellant's probation and stated, "The
court is going to commit you to the Bastrop County Jail for one hundred fifty days." Appellant
suggests that the court's language could be construed to mean that the court intended to continue
or modify appellant's probation. Assuming that there is a lack of clarity in the trial court's oral
pronouncement, the written order revoking probation controls over an oral pronouncement by the
court. Clapper v. State, 562 S.W.2d 250, 251 (Tex. Crim. App. 1978). The court's written
order finds that the "order suspending the imposition of sentence, and placing the defendant on
probation entered in this said cause be, and is hereby revoked." Appellant's fourth point of error
is overruled.

 In his fifth point of error, appellant contends that the information in the primary
cause is void because it was not signed by the proper authority. Appellant directs our attention
to a recitation in the information that reflects that the information was being presented by "Charles
D. Penick, Criminal District Attorney of Bastrop County, Texas." While the signature does not
appear to be the name of the district attorney, we are unable to discern the name of the person
who signed the information because of its illegible nature. No objection was made by appellant
in the trial court, and there is nothing in the record to show whose signature appears on the
information. While we do not speculate as to the name or authority of the person signing the
information, we note that an assistant criminal district attorney is authorized to perform all the
duties imposed by law on the criminal district attorney. See Tex. Gov't Code Ann. § 41.103
(West 1988). We perceive this authority to include the signing of an information.

 "If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the merits
commence, he waives and forfeits the right to object to the defect, error, or irregularity and he
may not raise the objection on appeal or in any other postconviction proceeding." Tex. Code
Crim. Proc. Ann. art. 1.14(b) (West Supp. 1993); see also Studer v. State, 799 S.W.2d 263, 273
(Tex. Crim. App. 1990). We conclude that appellant's failure to lodge an objection in the trial
court pursuant to the provisions of article 1.14(b) resulted in waiver of any defect in the
information. Appellant's fifth point of error is overruled.

 We hold that the trial court did not abuse its discretion in revoking appellant's
probation.

 The order revoking probation is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: June 30, 1993

[Do Not Publish]

















* Before Tom G. Davis, Judge (retired). Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Tex. Code Crim. Proc. Ann. art. 42.12, § 27(a) (West Supp. 1993), provides: 


If, for good and sufficient reasons, a probationer desires to change his residence
within the State, such transfer may be effected by application to the supervising
probation officer, which transfer shall be subject to the court's consent and subject
to such regulations as the court may require in the absence of a probation officer in
the locality to which the probationer is transferred.